UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

OSCAR LOPEZ SANTOS,

    Petitioner,

v.            Case No. 3:25-cv-191-MMH-SJH

U.S. IMMIGRATION AND
CUSTOMS ENFORCEMENT,

    Respondent.

## ORDER OF DISMISSAL WITHOUT PREJUDICE

  Petitioner Oscar Lopez Santos[1] initiated this action by filing a pro se Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1; Petition).[2] He is currently being held in the Baker County detention facility by U.S. Immigration and Customs Enforcement (ICE). Lopez Santos was ordered removed on October 6, 2019, and ICE took him into custody on November 26, 2024. Id. at 4. Lopez Santos contends that his continued detention is unlawful, and he requests the Court order his immediate release. See id. at 6-7.

---

[1] In the caption of the Petition, Lopez Santos wrote his name as "Lopez Santos Oscar," but he signed the Petition as "Daniel Lopez." Doc. 1 at 1, 8.

[2] Lopez Santos mailed the Petition to the Baker County Clerk of Courts, who forwarded the Petition and related filings to this Court on February 21, 2025. See Doc. 1-2.

In Zadvydas v. Davis, 533 U.S. 678, 690 (2001), the Supreme Court held that indefinite detention of aliens raises serious constitutional concerns. Once an order of removal is final, ICE should make every effort to remove the alien within a reasonable time. Id. at 701. Further, the Court concluded that six months is a presumptively reasonable period to detain a removable alien awaiting deportation. Id. "Although not expressly stated, the Supreme Court appears to view the six-month period to include the 90-day removal period plus 90 days thereafter." Akinwale v. Ashcroft, 287 F.3d 1050, 1052 (11th Cir. 2002).

After that six-month period has passed and the alien "'provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future,'" the burden then shifts to the Government to provide evidence sufficient to rebut that showing. Id. (quoting Zadvydas, 533 U.S. at 701). Thus, "in order to state a claim under Zadvydas the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." Akinwale, 287 F.3d at 1052.

Because ICE took Lopez Santos into custody on November 26, 2024, his claim under Zadvydas is not yet ripe, and the Petition is premature. Accordingly, the Petition will be dismissed without prejudice. When Lopez

Santos's <u>Zadvydas</u> claim becomes ripe, he may file a new petition to seek discharge from custody while he awaits removal.

Accordingly, it is

**ORDERED**:

1. The Petition (Doc. 1) is **DISMISSED without prejudice** as premature.

2. The **Clerk of Court** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 28th day of February, 2025.

**MARCIA MORALES HOWARD**
United States District Judge

JAX-3 2/26
c:
Oscar Lopez Santos, #A089-827-550

3